Irving SHEPPARD, Plaintiff–Appellant,

v.

S.R. MOORE, Captain; S. Manabe; B. Neeley, Sgt; R. Giottonini; Valenzuela; Woffiden; D.R. Busser; A.L. Olivas; Edward S. Alameida, Jr., Defendants–Appellees.

No. 00–15667.

D.C. No. CV–97–01870–DFL.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2001.[1]

Decided March 29, 2001.

Before LEAVY, THOMAS, and RAWLINSON, Circuit Judges.

## MEMORANDUM [2]

Irving Sheppard, a California state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging various constitutional violations in connection with prison disciplinary actions. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.

Without deciding whether Sheppard's complaint provided defendants with fair notice of a retaliation claim, we affirm the district court's dismissal of this claim because Sheppard was unable to establish that he was engaging in constitutionally protected conduct when refusing to serve as an informant. See id. at 816.

We also affirm the district court's summary judgment for defendants on Shep-

---

1. The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

pard's due process claims. *See Sandin v. Conner*, 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Zimmerlee v. Keeney*, 831 F.2d 183, 186–87 (9th Cir. 1987) (per curiam).

Because Sheppard failed to provide any evidence regarding his race discrimination and cruel and unusual punishment claims, we affirm the district court's summary judgment for defendants on these claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

We deny all pending motions.

AFFIRMED.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Smith's request for oral argument.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.